PAINTER, Judge,
dissenting.
hThe majority determines that the trial court was correct in issuing a judgment of forfeiture against Terry Touchet. I respectfully disagree, as I would find that La.Code Crim.P. art. 891 applies to felony *280 convictions and not to misdemeanor convictions.
Louisiana Code of Criminal Procedure Article 891 reads, in pertinent part:
A. For purposes of this Article, a firearm or other dangerous weapon either used in the commission of a felony-offense or the use of which constitutes an element of a felony offense may be declared to be crime-related contraband which may be seized by a law enforcement officer in the course of an arrest or issuance of summons or may be seized by order of court pursuant to other provisions of law. The district attorney of the parish where the arrest or seizure occurred may petition the district court to forfeit to the seizing agency an item or thing seized, or may petition the court for seizure, upon a showing that the item or thing seized or to be seized constitutes crime-related contraband.
[[Image here]]
E. In addition to ordering the forfeiture of a firearm or dangerous weapon as crime-related contraband as otherwise provided in this Article or by any other provision of law, when a court sentences a defendant, it may order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of the arrest. The court may provide for the destruction, sale, or other disposition of the weapons forfeited.
This version of the article became effective with the 1994 amendment. The article previously read:
When a court sentences a defendant, it may, in addition to the penalties otherwise prescribed by law, order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of his arrest. The court also may provide for the destruction, sale, or other disposition of the weapons ordered forfeited.
Prior to the amendment, there was no distinction between a felony or misdemeanor offense. After the amendment, the wording was made clear that the “crime-related 12contraband” was a firearm or other weapon used in the commission of a felony offense. There is nothing in the article itself or historical notes to indicate that the article is to be applicable to any thing other than felony offenses after the amendment. Based upon this, I find merit in Touchet’s assertion that it stands to reason that since only crime-related contraband under section E can be forfeited, and section A defines crime-related contraband as a firearm used in connection with a felony, then the lower Court was clearly erroneous in ruling that the firearm at issue herein could be forfeited under La. Code Crim.P. art. 891. Accordingly, I would reverse the trial court’s judgment and order the seized property returned to Touchet.
Furthermore, the record is clear that the seized property was never introduced into evidence. Even the majority opinion concedes that the testimony was in dispute as to whether Touchet was actually holding the gun at the time of the offense or whether it was simply nearby and as to whether the gun was in a pouch or out in the open. Based upon these disputes in the testimony, I would find that it was not adequately proven that the weapon seized was actually the weapon used in connection with the offense committed by Tou-chet. Accordingly, for this additional reason, I would find that the trial court’s judgment of forfeiture must be reversed.
For these reasons, I respectfully dissent.